United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20258
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JONATHAN M. TAMPICO,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-485-1
---------------------

Before DAVIS, EMILIO M. GARZA and PRADO, Circuit Judges

PER CURIAM:[*]

Jonathan M. Tampico appeals from the district court's judgment resentencing him after remand to consider the impact of Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). The district court re-examined the evidence in Tampico's case and determined that it was sufficient to support his conviction even in light of Free Speech Coalition and resentenced Tampico to the same term of imprisonment originally imposed. Tampico argues that the district court erred in concluding that he was only

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to be resentenced after the reversal of the judgment by the Supreme Court and that the district court misinterpreted this court's remand language. We conclude that the Supreme Court's remand for further consideration in light of Free Speech Coalition did not invalidate Tampico's conviction and sentence, and the district court did not misapply our mandate on remand by re-examining the evidence. See United States v. Slanina, 313 F.3d 891, 892 (5th Cir. 2002).

Tampico also argues for the first time on appeal that the district court failed to give him an opportunity to allocute at the resentencing hearing, and that such error requires automatic reversal. We recently concluded that unobjected-to errors resulting from a denial of the right to allocution under FED. R. CRIM. P. 32 are subject to plain error review. United States v. Reyna, __ F.3d __ (5th Cir. Jan. 26, 2004)(en banc), 2004 WL 113479 at *5, pet. for cert. filed, __ U.S.L.W. __ (U.S. Feb. 9, 2004)(No. 03-8903). We decline to exercise our discretion under plain error review because we conclude that the alleged error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings. Id. at *7-8; see United States v. Olano, 507 U.S. 725, 732 (1993).

AFFIRMED.