United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-41164

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MIGUEL ENRIQUE REYNA,

Defendant - Appellant.

Appeal from the United States District Court
for the  Southern District of Texas

Before JONES and CLEMENT, Circuit Judges, and FELDMAN, District Judge.[*]

PER CURIAM:

The district court sentenced appellant to 12 months' imprisonment without personally addressing him to see if he had anything to say in mitigation of his sentence. The issue in this case is whether the district court's failure to afford the defendant his right of "allocution," as this practice is called, requires automatic reversal. Because our precedent is clear that  denying the right of allocution requires automatic reversal, we VACATE the sentence and REMAND for re-sentencing.

**I. FACTS AND PROCEEDINGS**

---

[*] Judge of the United States District Court for the Eastern District of Louisiana, sitting by designation.

1

Miguel Enrique Reyna plead guilty in October 1996 to possession of a sawed-off shotgun, in violation of 26 U.S.C. §§ 5841, 5861(d), 5871, and was sentenced to 46 months' imprisonment and three years of supervised release.

In February 2000, the district court revoked the term of supervised release because Reyna had been caught driving while intoxicated. The court gave Reyna the option of immediately serving 6 months in prison, or being sentenced to 12 months' imprisonment, with the execution of that sentence suspended for three years of supervised release. Reyna chose the latter option. The court coupled its generosity with a stern warning:

> THE COURT: I will tell you what I will do. I will sentence you to 12 months in jail. I will suspend the execution of those 12 months, which simply means that I will allow you to surrender voluntarily. But the moment you spit on the sidewalk, I don't care whether you get a traffic ticket, you are gone for 12 months. You can do that or I will give you six months today and you will get it over with. Which one do you want?

After Reyna chose the 12-month option, the court warned him again: "I am talking about anything. You are gone. You are on your way for 12 months. It is just a matter of me setting a date for voluntary surrender."

During the term of supervised release, Reyna tested positive for drugs. In an August 2001 hearing, the court sentenced Reyna to 12 months' imprisonment and 2 years of supervised release. The court addressed Reyna during the following exchange:

> THE COURT: The matter before me, then, Mr. Reyna, is simply there is evidence to the effect that you—from a specimen taken from you back in September of the year 2000 that you had ingested cocaine. Is that true?

> THE DEFENDANT: Yes, sir.

> THE COURT: All right.

THE DEFENDANT: Correct. Yes, Your Honor.

THE COURT: Well, you are already on your way . . . You can't blame anybody, can you?

THE DEFENDANT: No.

Later in the hearing, Reyna attempted to say something, but was interrupted by the court. The following colloquy ensued:

THE COURT: If I could send you away for ten years, I would. You know why? You know why? Because you hurt other people to whom we give this opportunity. Your attorney asks for relief of this kind sometimes. And when people like you sort of break faith and when people are given the benefit of these kinds of things, what you are doing is just hurting other people. You understand that. One thing is to hurt yourself and another one is to affect other persons and you have.

All right. Good luck to you.

THE DEFENDANT: Thank you.

Reyna did not object to the fact that he was denied his right of allocution.

## II. STANDARD OF REVIEW

The district court's compliance with Rule 32 is a question of law subject to *de novo* review. *United States v. Myers*, 150 F.3d 459, 465 (5th Cir. 1998). The district court's denial of the right of allocution is never subject to plain or harmless error review under Rule 52; it requires automatic reversal. *United States v. Dabeit*, 231 F.3d 979, 981 (5th Cir. 2000); *Myers*, 150 F.3d at 463.

## III. DISCUSSION

When Reyna was sentenced, Federal Rule of Criminal Procedure 32(c)(3)(C) required that the district court "address the defendant personally and determine whether the defendant wishe[d] to make a statement and to present any information in mitigation of the sentence" prior to imposing a

3

sentence.[1] *United States v. Rodriguez*, 23 F.3d 919, 921 (5th Cir. 1994). This Court has determined that a defendant is entitled to the right of allocution at sentencing following the revocation of supervised release. *Id*.

Reyna contends that we must vacate his sentence and remand for re-sentencing because the district court denied him the right of allocution. The government contends that the "context of the hearing" shows that the court invited Reyna to speak on his behalf and that Reyna knew he was free to speak on his behalf because he did so.

In *United States v. Echegollen-Barrueta*, 195 F.3d 786, 789 (5th Cir. 1999), this Court considered whether the district court had afforded the defendant the right of allocution, although it twice had asked the defendant at sentencing whether he had "anything to say." The defendant's answers indicated that he may have believed that he was being asked to respond to factual issues and that he did not fully understand that he was being given the opportunity to allocute. *See id*. The Court held that the trial court "did not communicate unequivocally to [the defendant] his right to allocution," and therefore vacated the sentence, and remanded for re-sentencing. *See id*. Much like *Echegollen-Barrueta*, the district court addressed Reyna but never unequivocally communicated his right to allocution. Thus, we conclude the court violated Rule 32.

The government next argues that Reyna waived the right of allocution when, at the February 2000 revocation hearing, he accepted the court's offer of a 12-month imprisonment term suspended for three years of supervised release. The government reasons that, by accepting the court's offer, Reyna

---

[1]Effective December 1, 2002, the allocution requirement moved to Rule 32(i)(4)(A)(ii), but it is substantially identical to the previous version. *See* FED. R. CRIM. P. 32(i)(4)(A)(ii) ("Before imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[.]").

waived even the right to have another hearing. In fact, the district court suggested as much when it said, "It is just a matter of me setting a date for voluntary surrender." Nevertheless, because there was a second sentencing hearing, that hearing was required to be conducted in accordance with Rule 32. We conclude that Reyna did not waive his right to allocution.

Finally, the government argues that, because Reyna failed to object to the error at sentencing, we should only review his claim for plain error. Although the government acknowledges that our precedent calls for automatic reversal, *see, e.g., Dabeit*, 231 F.3d at 981, the government urges that this *per se* rule be reevaluated in light of *United States v. Vonn*, 535 U.S. 55 (2002). In *Vonn*, the Supreme Court held that Rule 52's provisions for plain and harmless error applied to the taking of pleas under Federal Rule of Criminal Procedure 11. *Id*.

We agree with the government that *Vonn* calls into question our rule of automatic reversal. And, we agree that the district court's error was neither plain nor prejudicial to Reyna. In February 2000, he had agreed to comply with the terms of his supervised release under the specific threat of facing a 12-month sentence. The district court even stated, "If I could send you away for ten years, I would." Reyna doubtfully would have been able to say anything to persuade the court to lower his sentence.

Nevertheless, *Vonn*, a case about Rule 11, did not overrule our precedent regarding Rule 32. The decisions of our previous panels bind this panel and decide this case, though we think an *en banc* rehearing may be appropriate.

## IV. CONCLUSION

For the stated reasons, we VACATE the sentence and REMAND for re-sentencing.