

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-19-2004

# USA v. Plotts

Precedential or Non-Precedential: Precedential

Docket No. 02-4575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Plotts" (2004). *2004 Decisions.* Paper 950.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/950

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4575
_____

UNITED STATES OF AMERICA

v.

RICHARD PLOTTS,

Appellant

_____

On Appeal from the
United States District Court for the
Eastern District of Pennsylvania
D.C. Crim. Action No. 02-cr-00020-01
(Honorable Stewart Dalzell)

_____

Submitted Under Third Circuit LAR
34.1(a)
October 30, 2003

Before: SCIRICA, Chief Judge,
NYGAARD and AMBRO,
Circuit Judges

(Opinion filed February 19, 2004)

Robert Epstein
Assistant Federal Defender
Brett Sweitzer, Esq.
David L. McColgin, Esq.
Maureen Kearney Rowley, Esq.
Defender Association of Philadelphia
Federal Court Division
Curtis Center, Independence
Square West, Suite 540 West
Philadelphia, PA  19106

*Attorneys for Appellant*

Patrick L. Meehan
U.S. Attorney, Eastern District
of Pennsylvania
Laurie Magid
Deputy U.S. Attorney
Robert A. Zauzmer
Assistant U.S. Attorney
Terri A. Marinari
Assistant U.S. Attorney
615 Chestnut Street
Philadelphia, PA  19106

*Attorneys for Appellee*

OPINION OF THE COURT
_____

AMBRO, Circuit Judge

Richard Plotts appeals the District Court's decision revoking supervised release and imposing a sentence of imprisonment.  Because Plotts was denied the right of allocution at sentencing, we reverse and remand to the

District Court for resentencing.[1]

## I. Factual and Procedural Background

In July 1995, Plotts was arrested in Delaware on the suspicion of bank robbery. Shortly thereafter, a grand jury returned an indictment against Plotts, charging him with bank robbery in violation of 18 U.S.C. § 2113(a). He pled guilty to a single count and received a sentence of 80 months imprisonment followed by three years supervised release. In February 2002 (after serving his sentence and while on supervised release), responsibility for his supervision was transferred to the Probation Office for the Eastern District of Pennsylvania.

Plotts was arrested in November 2002 by the Pennsylvania State Police for violating 18 Pa. Cons. Stat. § 6105 (felon in possession of a firearm). Shortly thereafter, the Probation Office filed a petition to revoke Plotts's supervised release, alleging six violations of his release conditions. The District Court conducted a revocation hearing in December 2002. The Government presented the testimony of six witnesses. Plotts presented no evidence. After considering the evidence and arguments of counsel, the District Court found that Plotts had: (1) been in possession of a firearm; (2) engaged in credit card fraud[2]; (3) used drugs, including opiates, on repeated occasions; and (4) lied to his probation officer.[3] Following these findings, the District Court revoked Plotts's supervised release and sentenced him to 30 months imprisonment followed by 30 months supervised release. Prior to sentencing, Plotts was not given an opportunity to address the Court, known as allocution. He appeals, alleging that (1) he was denied the right of allocution at his release revocation hearing before sentence was imposed, and (2) the District Court improperly treated a charged Grade C violation as a Grade A violation for sentencing purposes (thus increasing his sentence).[4]

---

[1] In its brief, the Government states it does not oppose resentencing in this case. We commend the United States Attorney's Office for its candor and professionalism.

[2] While we are unaware of any formal criminal charges against Plotts for credit card fraud, he admitted to his parole officer using another individual's credit card for an unauthorized purpose.

[3] On appeal, Plotts and the Government present different versions of the facts and circumstances surrounding the revocation of his supervised release. While this may be an area for the District Court to explore on resentencing, it is irrelevant to our resolution of this case.

[4] We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. Standard of Review

As Plotts failed to preserve his objections at the revocation hearing, we review the decision of the District Court for plain error. United States v. Adams, 252 F.3d 276, 279 (3d Cir. 2001); see also Fed. R. Crim. P. 52(b). Under plain error review, we may grant relief if (1) the District Court committed an "error," (2) it was "plain," and (3) it affected "substantial rights" of the defendant. United States v. Olano, 507 U.S. 725, 732 (1993). "A deviation from a legal rule is [an] 'error.'" United States v. Russell, 134 F.3d 171, 180 (3d Cir. 1998) (citation omitted). It is "plain" when "'clear' or 'obvious.'" Id. (citation omitted). In order for an error to affect "substantial rights," it must have been "prejudicial"; in other words, "it must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. If these requirements are satisfied, we should exercise our discretion to grant relief if the error "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. at 736 (citation omitted); see also Adams, 252 F.3d at 284-85.

## III. Analysis

We conclude that a criminal defendant's right of allocution extends to release revocation hearings. Because the District Court committed plain error in denying Plotts's right, we remand this case for resentencing.[5]

---

[5] Plotts also argues the District Court committed plain error by mischaracterizing a Grade C violation, unauthorized use of a credit card, as a Grade A violation for sentencing purposes. As resentencing is granted on the ground that allocution was improperly denied, we decline to entertain this alternative argument. We note, however, that the revocation petition filed by the Probation Office with the District Court alleges a Grade C violation. In its brief, the Government concedes that Plotts's actions do not constitute a Grade A violation, but instead insists they should be Grade B (not Grade C). Because the petition already alleges a Grade A violation (possession of a firearm), Plotts would suffer little prejudice if, prior to resentencing, the Probation Office were to amend the violation grade assigned to his unauthorized use of a credit card. See U.S. Sentencing Guidelines Manual § 7B1.4(a) (listing the suggested imprisonment ranges for Grades A, B and C violations). Until revised by the Probation Office, however, these actions remain as initially characterized, a Grade C violation. See generally 18 U.S.C. § 3603(2) (stating that it is the duty of the probation officer to be aware of the conditions of supervised release and to report to the sentencing court conduct which may violate those terms); U.S. Sentencing Guidelines Manual § 7B1.2 (same); see also Fed. R. Crim. P. 32.1(b)(2)(A) (requiring that a defendant at a revocation hearing receive

The rule in our Circuit is that denying the right of allocution (at least in sentencing hearings) will generally result in resentencing under plain error review. Adams, 252 F.3d at 289. Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure states a court must, before imposing sentence, "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." In Adams, we concluded the District Court in that case committed an "error" that was "plain" by failing to address the defendant personally prior to sentencing. 252 F.3d at 286. With regard to the "affects substantial rights" portion of the plain error analysis, we interpreted Olano as requiring "the defendant to make a specific showing of prejudice, unless he can show that the error should be presumed prejudicial, or that the error belongs in a special category of errors that should be corrected regardless of prejudice (*i.e.*, the category of structural errors)." Id. at 285-86. Prejudice should be presumed, however, when a defendant shows the violation of a right could "have played a role in the district court's sentencing decision." Id. at 287. We also stated that violation of the right of allocution could play a role in a court's sentencing decision whenever there exists any

disputed facts in connection with sentencing or any defense arguments that might reduce the applicable guideline range or ultimate sentence. Id. All of this is based on the belief that a defendant is often his most persuasive and eloquent advocate. Id. at 288.

While not constitutional, the right of allocution is "ancient in origin, and it is the type of important safeguard that helps assure the fairness, and hence, legitimacy, of the sentencing process." Id. Accordingly, we concluded in Adams that denial of allocution at the defendant's sentencing hearing was plain error and warranted resentencing. Id. at 288-89.

We have not ruled whether a defendant's right of allocution extends to a revocation hearing. The Federal Rules of Criminal Procedure fail to define explicitly the scope of allocution rights. Almost every circuit court to consider the issue, however, has ruled that allocution must be permitted before imposition of sentence at a supervised release (or parole) revocation hearing. See United States v. Reyna, No. 01-41164, 2004 U.S. App. LEXIS 1134 (5th Cir. Jan. 26, 2004) (en banc)[6]; United States v.

_____

"written notice of the alleged violation"). On resentencing, the District Court should consider the effect, if any, of its alleged mischaracterization in the first instance.

_____

[6] The Reyna Court approved of the plain error analysis in Adams, including the conclusion that prejudice should be presumed when violation of a right could have affected a court's sentencing decision. 2004 U.S. App. LEXIS at *16.

4

Waters, 158 F.3d 933, 944-45 (6th Cir. 1998); United States v. Patterson, 128 F.3d 1259, 1260-61 (8th Cir. 1997); United States v. Rodriguez, 23 F.3d 919,

921 (5th Cir. 1994); United States v. Carper, 24 F.3d 1157, 1160-62 (9th Cir. 1994); United States v. Barnes, 948 F.2d 325, 329-30 (7th Cir. 1991).[7]  In light of our previously expressed views in Adams on the importance of allocution, and in reliance on the well-reasoned opinions in other circuits, we too conclude that a defendant's right of allocution extends to revocation hearings.

The Fifth Circuit, however, disagreed with Adams somewhat as to when an appellate court should exercise its discretion in correcting a plain error.  In Adams, we stated without qualification that denial of the right of allocution affects the "fairness, integrity or public reputation of judicial proceedings."  252 F.3d at 288 (citation and quotations omitted).   In contrast, the Fifth Circuit concluded that "[i]n a limited class of cases, a review of the record may reveal, despite the presence of disputed sentencing issues, that the violation of a defendant's right to allocution does not violate the last Olano prong.  This case is a good example." Reyna, 2004 U.S. App. LEXIS at *19.

We are bound, however, to follow Adams, and it carves out no exception on its face.  Further, the Reyna exception is, by its own terms, limited; indeed, the Fifth Circuit concluded that resentencing is "ordinarily" required. Id. at *22. Reyna, for example, had appeared before the same judge three times, twice for violations of the terms of his supervised release. Although Reyna did not have the opportunity to allocute at his most recent revocation hearing, he "had the opportunity to allocute both at his original sentencing and when resentenced following his first violation of supervised release." Id. at *20.  Reyna is thus distinguishable.

For similar reasons, we conclude that the District Court's error in this case was "plain."  An error may be clear or obvious absent controlling Supreme Court or Third Circuit precedent.  United States v. Evans, 155 F.3d 245, 251-52 (3d Cir. 1998).  In such a case, decisions from other circuit courts are instructive. See United States v. Barbosa, 271 F.3d 438, 456 (3d Cir. 2001) (relying on previous decisions of two circuit courts in finding plain error).  In Plotts's case, the weight of appellate authority discussed above is sufficient to render the District Court's error clear and

---

[7] Although the Eleventh Circuit's decision in United States v. Frazier, 283 F.3d 1242 (11th Cir. 2002), appears to support the position that allocution is not required at a revocation hearing, this opinion was later vacated. 324 F.3d 1224 (11th Cir. 2003).  The only other circuit court to endorse the initial position in Frazier is the Tenth Circuit in an unpublished decision. See United States v. Fennell, 986 F.2d 1430, 1992 WL 401587 (10th Cir. 1992).

5

obvious.

Based upon <u>Adams</u>, we also conclude that prejudice to "substantial rights" may be presumed in this case because allocution could have played a role in the Court's sentencing decision. 252 F.3d at 287. First, there exists no statutory minimum term of imprisonment upon revocation of supervised release. <u>See</u> 18 U.S.C. § 3583(e)(3) (permitting imprisonment for "all or part" of the term of defendant's supervised release); <u>see also</u> 18 U.S.C. § 3583(h). Second, even though Plotts's 30-month added prison term was the lowest sentence within the recommended Guidelines Manual range of 30 to 37 months, the Court had discretion to impose an even lower sentence, as the revocation provisions in the Guidelines are advisory policy statements and not binding. <u>See</u> <u>United States v. Schwegal</u>, 126 F.3d 551, 554-55 (3d Cir. 1997).

Finally, denial of the right of allocution "is not the sort of 'isolated' or 'abstract' error that we might determine does not impact the 'fairness, integrity or public reputation of judicial proceedings.'" <u>Adams</u>, 252 F.3d at 288 (citation omitted). As such, this is an appropriate case in which to grant relief.

* * * * *

We reverse and remand to the District Court for resentencing.

6