

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2005

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1347

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Johnson" (2005). *2005 Decisions.* Paper 1556.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1556

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1347

———

UNITED STATES OF AMERICA

v.

ODELL ROBERT JOHNSON

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00656-1)
District Judge: Honorable Cynthia M. Rufe

———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 6, 2004
Before: AMBRO and VAN ANTWERPEN, Circuit Judges, and
SHADUR, District Judge.[*]

(Filed: January 21, 2005)

———

OPINION

———

VAN ANTWERPEN, Circuit Judge.

Appellant Odell Robert Johnson was convicted of numerous

---

[*]Hon. Milton I. Shadur, United States District Judge for the
Northern District of Illinois, sitting by designation.

drug offenses following a jury trial before the Honorable Cynthia M. Rufe. Appellant now challenges the admissibility of incriminating tape recordings that were played for the jury during his trial. Specifically, Appellant claims that the admission of recorded conversations between himself and co-conspirators violated his Sixth Amendment right to confront witnesses where the co-conspirators did not testify and the government did not show that the co-conspirators were unavailable.[1]

Appellant argues that we should extend the Supreme Court's recent holding in Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), to create an unavailability requirement in all cases where the prosecution wishes to admit out-of-court statements. Because the Supreme Court limited its holding in Crawford to *testimonial* statements, see United States v. Hendricks, No. 04-2465, 2005 WL 81899 (3d Cir. 2005) at *5, previous jurisprudence allowing the admission of *non-testimonial* statements remains untouched. We therefore affirm the District Court's decision to admit the non-testimonial statements that are challenged in this case.

I.

On October 8, 2002, a federal grand jury indicted Appellant, alleging the following federal crimes: conspiracy to possess with the

---

[1]Appellant challenges the admission of two sets of recordings. The first set consisted of interactions between Appellant and a government informant. The second set consisted of drug-related telephone conversations between Appellant and a number of co-conspirators that were recorded by a court-authorized wiretap.

intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846; use of a telephone to facilitate drug distribution in violation of 21 U.S.C. § 843(b); six counts of distribution of cocaine in violation of 21 U.S.C. § 842(a)(1); and two counts of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951. A jury trial commenced in the Eastern District of Pennsylvania on June 25, 2003.

During the trial, the government presented the testimony of Terrence Perkins and Derek Wayns, two cooperating co-defendants. Both witnesses testified regarding various drug transactions involving Appellant. Their testimony indicated that Appellant had been involved in a scheme to steal cocaine from another drug dealer in Philadelphia in August to September 2000, and had made two trips to Houston to obtain cocaine in June to July 2001 and December 2001.

The government also played a number of video and audio tapes and distributed transcripts of some of the recordings to the jury. One set of audio tapes consisted of telephone conversations between Johnson and a confidential government informant in which the two were arranging for particular drug transactions. The government also played videotapes for the jury which showed Appellant selling drugs to the informant. Pennsylvania State Trooper Tyson Havens testified that the confidential source had consented to being recorded. He also identified the voices on the audio tapes and testified regarding the procedures he followed in making and collecting the tapes. The confidential informant did not testify at trial.

Another set of recordings included various drug-related

telephone conversations that were obtained during the course of a court-authorized wiretap. None of the individuals whose voices appear on the wiretap recordings testified at trial. The government offered all of the recordings into evidence without objection.[2]

The jury convicted Appellant of all charges except the two counts of interference with interstate commerce by robbery. On February 3, 2004, the District Court entered the judgment and imposed a sentence of 360 months in prison, followed by 8 years of supervised release, a fine of $2,500, and a special assessment of $800.

## II.

Pursuant to 18 U.S.C. § 3231, the District Court properly exercised subject matter jurisdiction over the federal criminal charges arising under 21 U.S.C. §§ 841(a)(1), 843(b), and 846 as well as 18 U.S.C. § 1951. Appellant filed a timely Notice of Appeal on February 10, 2004, and this Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

Where the appellant failed to object to the admission of evidence during trial, this Court reviews the decision to admit that evidence for plain error. United States v. Adams, 252 F.3d 276, 278-79 (3d Cir. 2001) (citing Johnson v. United States, 520 U.S. 461, 466

---

[2]Appellant initially objected to the recordings of conversations and meetings between himself and the confidential source on the basis that they may not have been taken voluntarily. However, after hearing the informant state on tape that the recordings were voluntary, Appellant withdrew the objection. App. at A154.

(1997)); see also Fed. R. Crim. P. 52(b). This Court recently explained our role in exercising plain error review:

> Under plain error review, we may grant relief if (1) the District Court committed an "error," (2) it was "plain," and (3) it affected "substantial rights" of the defendant. United States v. Olano, 507 U.S. 725, 732 (1993). "A deviation from a legal rule is [an] 'error.'" United States v. Russell, 134 F.3d 171, 180 (3d Cir. 1998) (citation omitted). It is "plain" when "'clear' or 'obvious.'" Id. (citation omitted). In order for an error to affect "substantial rights," it must have been "prejudicial"; in other words, "it must have affected the outcome of the district court proceedings." Olano, 507 U.S. at 734. If these requirements are satisfied, we should exercise our discretion to grant relief if the error "'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" Id. at 736 (citation omitted); see also Adams, 252 F.3d at 284-85.

United States v. Plotts, 359 F.3d 247, 249 (3d Cir. 2004).

III.

Appellant argues that admitting the recordings into evidence constituted plain error and violated his Sixth Amendment rights because they contained hearsay statements of individuals who did not testify at trial and were admitted without a showing that the declarants were unavailable. The government states in its brief that

5

there were three types of statements found on the tapes, all of which are admissible under the federal hearsay and nonhearsay rules. First, the statements of Appellant himself are admissible as party admissions under Fed. R. Evid. 801(d)(2)(A). Second, the statements of individuals other than Appellant recorded from the wiretap are co-conspirator statements, admissible under Fed. R. Evid. 801(d)(2)(E). Finally, the statements of the confidential informant do not fit within the definition of hearsay provided in Fed. R. Evid. 801(c) because they were not offered for the truth of the matter asserted; they were offered to provide context to Appellant's admissions.

While we may agree with the government's assertions with respect to the Federal Rules of Evidence, it should be noted that Appellant does not challenge the admissibility of the tapes under those rules; this appeal focuses on the rights conferred by the Confrontation Clause of the Sixth Amendment. The Confrontation Clause confers rights that cannot be satisfied merely by meeting the technical requirements of the Federal Rules of Evidence. In Crawford v. Washington, the Court cautioned that "[l]eaving the regulation of out-of-court statements to the law of evidence [alone] would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices." 541 U.S. 36, __, 124 S. Ct. 1354, 1364 (2004). As such, the question of whether or not the recordings were admissible under the Federal Rules of Evidence is separate from our Sixth Amendment Inquiry.

Supreme Court precedent prior to Crawford clearly allows for non-testimonial co-conspirator statements to be admitted over Sixth Amendment challenges. United States v. Inadi, 475 U.S. 387, 106 S. Ct. 1121 (1986). Inadi, like the case at bar, involved the admissibility

6

of wiretap recordings that included statements by co-conspirators who did not testify at trial. The Court held that the Confrontation Clause does not require a showing that the co-conspirators were unavailable as a condition for admitting the recordings. Id. at 400, 106 S. Ct. at 1129. In so holding, the Court drew a clear line between the admissibility of statements made during prior testimony and non-testimonial co-conspirator statements. Id. at 394-95, 106 S. Ct. at 1126.

The Court noted that the requirement of establishing unavailability was developed in cases involving former testimony, which "seldom has independent evidentiary significance on its own, but is intended to replace live testimony." Id. at 394, 106 S. Ct. at 1126. The Court then distinguished non-testimonial co-conspirator statements, noting that "[b]ecause they were made while the conspiracy is in progress, such statements provide evidence of the conspiracy's context that cannot be replaced, even if the declarant testifies to the same matters in court." Id. at 395, 106 S. Ct. at 1126. Moreover, "co-conspirator statements derive much of their value from the fact that they are made in a context very different from trial, and therefore are usually irreplaceable as substantive evidence." Id. at 395-96, 106 S. Ct. at 1126.

Appellant now urges us to reconsider the ruling in Inadi in light of the Supreme Court's recent decision in Crawford. In Crawford, the Court held that out-of-court statements which qualify as testimonial are inadmissible under the Confrontation Clause unless the declarant is unavailable *and* the defendant had the opportunity to cross-examine the declarant. 541 U.S. at __, 124 S. Ct. at 1374. Appellant argues that this ruling should be extended to apply to all

7

out-of-court statements, not only testimonial statements.

This Court recently decided a very similar issue in United States v. Hendricks. In that case, the trial court assumed that Crawford only applied to testimonial statements but nevertheless excluded wiretap statements on the theory that they "qualified as testimonial statements and thus fell within the rule of Crawford." Hendricks, 2005 WL 81899 at *2. We reversed the trial court's ruling, concluding that wiretap statements are not "testimonial," and that the Supreme Court in Crawford intended to maintain the distinction between testimonial and non-testimonial hearsay. Id. at *5.

As we noted in Hendricks, Crawford involved only testimonial statements, and the Court had no reason to reconsider previous jurisprudence concerning non-testimonial statements. However, Appellant would have us treat Crawford as an invitation to ignore Inadi and create, for the first time, an unavailability requirement in all cases where the prosecution wishes to admit out-of-court statements. Appellant ignores the fact that the Supreme Court's reasoning in Crawford actually relies on the traditional distinction between testimonial and non-testimonial statements. In his majority opinion, Justice Scalia traced the history of the confrontation requirement and found that "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused. Crawford, 541 U.S. at __, 124 S. Ct. at 1364. In drafting the Sixth Amendment right to confront "witnesses," the Framers were creating a right to confront "those who 'bear testimony.'" Id. "The constitutional text, like the history

8

underlying the common-law right of confrontation, thus reflects an especially acute concern with *a specific type of out-of-court statement*." Id. (emphasis added).

The holding in Crawford was thus confined to the question of whether *testimonial* statements could be admitted without first showing unavailability and a prior opportunity to cross-examine, and that case has no impact on the Court's prior decisions regarding *non-testimonial* statements. Moreover, the Court reaffirmed that the Sixth Amendment allows for different treatment of testimonial and non-testimonial statements:

> Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development in hearsay law.... Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity to cross-examine.

Id. at __, 124 S. Ct. At 1374. This is a clear expression of the Supreme Court's intent to retain the distinction between testimonial and non-testimonial statements in our Sixth Amendment jurisprudence. Therefore, Appellant's argument that the Confrontation Clause necessarily imposes the same requirements for admitting non-testimonial statements as it does for testimonial statements is misguided.

None of the statements contained in the recordings at issue in this case were testimonial. Hendricks, 2005 WL 81899 at *7-*9

(holding that wiretap statements and statements of defendants or their co-conspirators made in the conversations with confidential informants are non-testimonial). Therefore, the District Court's decision to admit the recordings without first requiring a showing of unavailability did not violate Appellant's Sixth Amendment right to confront witnesses and did not constitute plain error.

For the foregoing reasons, we affirm Johnson's conviction.