

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2008

# USA v. Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2902

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Jackson" (2008). 2008 Decisions. Paper 142.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/142

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.06-2902

_____

UNITED STATES OF AMERICA

v.

ANTHONY JACKSON,
                                            Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 03-cr-00642)
District Judge: The Honorable Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
February 4, 2008

Before: McKEE and AMBRO, Circuit Judges
and  IRENAS[*], Senior District Judge

(Opinion Filed: December 9, 2008)

OPINION

MCKEE, Circuit Judge.

Anthony Jackson appeals the sentence that was imposed on remand

following his appeal from the sentence that was originally imposed. He argues that

_____

[*] Honorable Joseph E. Irenas, Senior United States District Judge for the
District of New Jersey, sitting by designation.

the district court committed plain error by denying him his right of allocution before resentencing him. For the reasons that follow, we will affirm.

## I.

As we are writing primarily for the parties who are familiar with this case, we need not set forth the factual or procedural background except insofar as may be helpful to our brief discussion.

Jackson's original counsel was allowed to withdraw and we are now in receipt of a letter from subsequently appointed counsel, Peter A. Levin, wherein counsel informs us that after reviewing the record and consulting with his client, he has decided not to file a supplemental brief.

We previously vacated the defendant's conviction on Count One of the indictment because that offense was a lesser included offense of the charges in Count Two. *See United States v. Jackson*, 443 F.3d 293 (3d Cir. 2006). Accordingly, we vacated the sentence on Count One and remanded for resentencing on Count Two. On remand, the district court reimposed the same sentence on Count Two without hearing from Jackson.

Jackson now cites Fed. R. Crim. P. 32(i)(4)(A) in arguing that this was error because he was denied his right of allocution. Rule 32(i)(4)(A)(ii) provides that a sentencing court must "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Although the district court did not ask Jackson if he wished to speak at the resentencing,

2

Jackson never objected to the proceeding, nor did he ask to be heard before the new sentence was imposed. Accordingly, we review only for "plain error." *United States v. Plotts*, 359 F.3d 247, 248-249 (3d Cir. 2004). Under that standard of review, we may award relief if Jackson can establish an error, that was plain, and "affected [his] substantial rights." *See United States v. Olano*, 507 U.S. 725, 734-735 (1993).

Jackson also relies on *United States v. Plotts*, 359 F.3d 247, 250 (3d Cir. 2004). Plotts was sentenced for a violation of supervised release, a transgression that is not punished with mandatory imprisonment. *Id*. at 251. Accordingly, Plotts' ability to address the court was potentially important to the court's determination of an appropriate sentence. "[A] defendant is often his most persuasive and eloquent advocate." Under those circumstances, we concluded that denying Plotts an opportunity to address the court before sentence was imposed affected his substantial rights. *Id*. at 250.

We reasoned that a "violation of the right of allocution could play a role in a court's sentencing decision whenever there exists any disputed facts in connection with sentencing or any defense arguments that might reduce the applicable guideline range or ultimate sentence." *Id*.

Jackson's situation is different. The court already heard from Jackson at the original sentencing. Jackson points to nothing to suggest that he was in any way prejudiced by not addressing the court once again before resentencing on remand,

and we see nothing in the record to indicate that the loss of that opportunity affected his substantial rights in any way. Nothing on this record suggests that he was prejudiced and allowing this sentence to stand despite that procedural defect in no way undermines the public's confidence in the judicial system. *United States v. Young*, 470 U.S. 1, 16 (1985). Relief based upon plain error should only be granted to correct those errors "in which a miscarriage of justice would otherwise result." *Id*., at 15. That is simply not this case.

## CONCLUSION

For the reasons set forth above, we will affirm the judgment of sentence.