

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2009

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1902

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Liu v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1865.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1865

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1902
_____

CHUI JIAN LIU; LI MEI PAN,
Petitioners

vs.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A73-611-330 and A73-660-891)
Immigration Judge:  Honorable Rosalind K. Malloy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 5, 2009
Before:  FUENTES, WEIS and GARTH, Circuit Judges
Opinion filed  February 13, 2009
_____

OPINION
_____

PER CURIAM.

The petitioners, who are citizens of the People's Republic of China, seek

review of a final order of the Board of Immigration Appeals ("BIA").  For the following

reasons, we will deny the petition.

I.

The lead petitioner, Chui Jian Liu, entered the United States in January 1992, at which time he was detained and placed in exclusion proceedings. Soon thereafter, he filed an application for asylum claiming that he would be persecuted if he was returned to China because he participated in the 1989 Tiananmen Square demonstrations. However, he then submitted a second asylum application based on China's coercive family planning policies. On June 8, 1992, after an exclusion hearing, his applications were denied and Liu returned to China.

Liu claims that he married the secondary petitioner, Lei Mei Pan, in China on January 8, 1993. They both came to the United States on or about February 15, 1994. On August 26, 1994, Liu submitted a third asylum application under the name Fu Bao Lin claiming that his wife had died due to a forced late-term abortion in China. After being interviewed in 2000 regarding the application, Liu was served with a Notice to Appear on June 19, 2000. Pan, who was alleged to have died, received a notice to appear on the same day. Liu and Pan conceded removability, but on June 22, 2005, filed additional applications for asylum, withholding of removal, voluntary departure, and relief under the Convention Against Torture ("CAT"), claiming that Pan was forced to have a mid-term abortion in September 1993, and that they would be sterilized if they returned to China because they have three children who were born in the United States.

On August 22, 2006, the Immigration Judge ("IJ") denied all requested relief and found Liu to be not credible. In making the credibility determination, the IJ considered Liu's previously-filed and admittedly false asylum applications, and his admittedly false testimony at his 1992 removal proceeding. See 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ also found that Pan's medical records from the University of Pennsylvania, which stated that she had never had an abortion, justified an adverse credibility finding. The IJ then determined that the petitioners did not meet their burden of proof for establishing past persecution or a well-founded fear of future persecution. As to the fear of future persecution, the petitioners did not submit any materials refuting the 2004 and 2005 U.S. State Department Country reports, which the IJ determined do not support the claim that the petitioners would be sterilized upon their return to China.[1] Moreover, the IJ concluded that the possible penalties for returning to China with three U.S.-born children—denial of social benefits for the children and an administrative fine—do not amount to persecution.

On February 3, 2008, the BIA denied the petitioners' appeal. The BIA found that there was no clear error in the IJ's adverse credibility finding and agreed with the bases for the IJ's decision. The BIA then determined that, even if the petitioners were

---

[1] Although the government apparently submitted only the 2004 country report, the IJ took administrative notice of the 2005 report. As we have stated, these reports are substantially the same regarding the threat of forced sterilization for Chinese citizens who return to China with foreign-born children. Yu v. Att'y Gen., 513 F.3d 346, 348 n.1 (3d Cir. 2008).

credible, they failed to meet their burden of proof. In particular, the BIA concluded that Pan's medical records negated the claim of past persecution, and that the submission of vague and incomplete "extra birth penalty" documents was insufficient to demonstrate that Pan had suffered a forced abortion, or that the "extra birth fine" constituted persecution. Citing to Matter of J-W-S-, 24 I. & N. Dec. 185 (BIA 2007) and Matter of J-H-S-, 24 I. & N. Dec. 196 (BIA 2007), the BIA also determined that the petitioners did not establish an objective fear of future persecution based on the potential of forced sterilization because they failed to present any evidence refuting the 2004 and 2005 country reports.

The petitioners seek review in this Court of the BIA's denial of their appeal; the government opposes the petition for review.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). Because the BIA substantially relied upon the IJ's adverse credibility determination, we review both the BIA's and the IJ's decisions with regard to the credibility determination. See Xie v. Ashcroft, 359 F.3d 249, 241-42 (3d Cir. 2004). In addition, because the BIA issued a decision on the merits as to whether the petitioners proved past persecution and a well-founded fear of future persecution, we review the BIA's opinion as to those findings. See Abdulai v. Ashcroft, 239 F.3d 542, 548-49 n.2 (3d Cir. 2001). We review findings of fact—including adverse credibility findings—under the substantial evidence standard and

will uphold the BIA's determinations "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 462, 471 (3d Cir. 2003) (internal citation omitted).

The IJ delineated specific, cogent reasons that bear a legitimate nexus to the adverse credibility determination, and the finding is thus supported by substantial evidence. See Dia v. Ashcroft, 353 F.3d 228, 250 (3d Cir. 2003); Balasubramanrim v. INS, 143 F.3d 157, 162 (3d Cir. 1998). Despite the petitioners' argument to the contrary, the IJ appropriately based her decision on Liu's fraudulent prior applications, his false testimony at the 1992 exclusion hearing, and the medical records showing that Pan never had an abortion.

Substantial evidence also supports the BIA's finding that the petitioners did not meet their burden of establishing past persecution or a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42)(B). First, as the BIA recognized, the medical records directly contradict the petitioners' claim that Pan was forced to have an abortion in 1993, and the "extra birth penalty" documents that the petitioners submitted do not refute the medical records. Nor does an extra-birth fine itself constitute persecution in the form of a "deliberate imposition of severe economic disadvantage." Li v. Att'y Gen., 400 F.3d 157, 168 (3d Cir. 2005). Second, although forced sterilization constitutes persecution under 8 U.S.C. § 1101(a)(42), substantial evidence supports the BIA's finding that the petitioners did not meet their burden of proof to support a claim on this

5

ground.  The 2004 country report rejects the notion that returning Chinese citizens face forced sterilization if they have had multiple children outside the country, and "[t]his Court has repeatedly recognized that State Department reports may constitute substantial evidence." Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008).  Given that the petitioners did not submit any evidence disputing the country reports, there is no compelling reason to reverse the BIA's decision.  Additionally, to the extent that the petitioners did not waive review of their applications for withholding of removal or CAT relief, the BIA properly rejected those claims.  See id.

Accordingly, after a careful review of the record, we conclude that the BIA did not abuse its discretion in denying Liu's and Pan's appeal, and we will deny their petition for review.