NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3188
_____

UNITED STATES OF AMERICA

v.

DANTE HUNTER,
                              Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-05-cr-00103-001)
District Judge: Honorable Gene E.K. Pratter
_____

Submitted Under Third Circuit LAR 34.1(a)
April 13, 2015

Before: AMBRO, VANASKIE, and SHWARTZ, <u>Circuit Judges</u>

(Filed: May 27, 2015)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dante Hunter appeals his sentence because the District Court failed to provide the opportunity to allocute. We vacate and remand for resentencing.

## I.

In 2005 Hunter was convicted of possession of a firearm by a convicted felon. His sentence was 80 months in prison and 3 years of supervised release. On March 14, 2014, he began his period of supervised release. Just over a month later, a petition to revoke release was filed alleging that Hunter had participated in the robbery of an armored vehicle the day before and had failed to notify probation of a change of residence. A bench warrant was issued for his arrest. Two weeks later the petition was amended to include a third violation, that Hunter associated with a cousin who is a convicted felon.

The District Court held a revocation hearing on July 1, 2014. At the end of the parties' closing arguments, the District Court reviewed the evidence and then stated, "I'm revoking [Hunter's] supervised release. I am imposing a period of incarceration of 24 months." The Court did not address Hunter directly or offer an opportunity for allocution. It informed him that he had the right to appeal, and that he would receive credit for the time he was incarcerated before the hearing. The Court then adjourned after counsel stated there was nothing else they needed to bring to its attention.

## II.

On appeal, Hunter argues the District Court erred by failing to provide an opportunity for allocution before sentencing. Federal Rule of Criminal Procedure 32 requires a sentencing court to "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P.

2

32(i)(4)(A)(ii). This rule extends to revocation hearings. *United States v. Plotts*, 359 F.3d 247, 250 (3d Cir. 2004). As Hunter failed to object in the District Court, his claim is subject to plain error review. We have discretion to grant relief if the District Court (1) commits error that (2) is "plain," (3) "affects substantial rights," and (4) "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Tai*, 750 F.3d 309, 313–14 (3d Cir. 2014). The Government agrees that the first two requirements are satisfied here.

In *United States v. Adams*, the district court failed to address the defendant directly and offer the opportunity for allocution before sentencing. 252 F.3d 276, 278 (3d Cir. 2001). Defense counsel did not object. *Id.* Based largely on Supreme Court precedent, we applied a rebuttable presumption that an allocution error satisfies the third requirement of plain error where the district court has discretion to impose a lower sentence than the one actually imposed. *Id.* at 287–89; *see also United States v. Paladino*, 769 F.3d 197, 201–202 (3d Cir. 2014); *Plotts*, 359 F.3d at 251. We also held that the fourth requirement was satisfied. *Adams*, 252 F.3d at 288–89; *see also Paladino*, 769 F.3d at 203; *Plotts*, 359 F.3d at 251.

The Government acknowledges that this case falls squarely within *Adams*, *Paladino* and *Plotts* and makes no effort to distinguish them with respect to the third or fourth requirements of plain error. Gov't Br. at 31. Thus under our precedent all the prongs of plain error are met.

The Government argues, however, that our precedent is in tension with Supreme Court cases since *Adams*. *See, e.g.*, *United States v. Marcus*, 560 U.S. 258 (2010);

3

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004).  Reviewing unpreserved errors

that were not related to allocution, the Court required in each case an affirmative showing

of a "reasonable probability" the errors affected the outcome of the proceedings.  *Marcus*,

560 U.S. at 262–63; *Dominguez Benitez*, 542 U.S. at 76.  Though the Government

suggests the Supreme Court would reach a result different than we do here, the Court's

cases do not compel such an outcome.  As we are bound by our precedent, which we

recently reaffirmed, *see Paladino*, 769 F.3d at 202, and as the Government concedes our

rule has been adopted by "[v]irtually every other Circuit," Gov't Br. at 32 n.6, we do not

reconsider it absent *en banc* review.

For the foregoing reasons, we hold that the District Court committed plain error

and we vacate and remand for resentencing.  We therefore need not consider Hunter's

other claims.