**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3703
_____

UNITED STATES OF AMERICA


v.

CHARLES LAWSON, A/K/A GUTTER
Appellant
_____


On Appeal from the United States District Court for the
Middle District of Pennsylvania
(No. 1-08-cr-00364-001)
District Judge:  Hon. Christopher C. Conner

Submitted:  June 24, 2019

Before:  SMITH, Chief Judge, CHAGARES and GREENAWAY, JR., Circuit Judges.

(Filed: July 10, 2019)


_____


OPINION*
_____


CHAGARES, Circuit Judge.

---

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Charles Lawson challenges the revocation of his supervised release, urging us to overrule two longstanding doctrines: (1) the dual-sovereignty doctrine of the Double Jeopardy Clause and (2) the doctrine that revocation of supervised release is attributed to the original conviction and therefore does not implicate Double Jeopardy. We decline to do so and will affirm.

I.

We write for the parties and so recite only those facts necessary to our disposition.

Charles Lawson pleaded guilty to distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. He was sentenced to 151 months of incarceration and three years of supervised release. Based on two retroactive amendments to the Sentencing Guidelines, his sentence was first reduced to 110 months and then reduced to 92 months. Lawson was overserving his sentence as a result and was released on November 1, 2015. His supervised release commenced on that date. Less than three weeks later, the Lackawanna County District Attorney's Office conducted a controlled purchase of drugs from Lawson, and he was arrested and arraigned. The District Court issued a warrant for his arrest for violating the terms of supervised release as a result of the state charges. After Lawson finished serving his sentence for the state crime, the District Court held a revocation hearing at which it sentenced Lawson to eighteen months of imprisonment, varying downward by six months based on his overserving the original sentence. Lawson timely appeals.

## II.

The District Court had jurisdiction over the offense of conviction under 18 U.S.C. § 3231 and had jurisdiction under 18 U.S.C. § 3583(e) as to the revocation of supervised release.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We review for plain error because Lawson raises these arguments for the first time on appeal.  United States v. Plotts, 359 F.3d 247, 248–49 (3d Cir. 2004).

## III.

## A.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides:  "No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  The Supreme Court recently reaffirmed the dual-sovereignty doctrine of the Double Jeopardy Clause.  Gamble v. United States, 139 S. Ct. 1960 (2019).  "Under this 'dual-sovereignty' doctrine, a State may prosecute a defendant under state law even if the Federal Government has prosecuted him for the same conduct under a federal statute."  Id. at 1964.  This has long been recognized as a "firmly established principle."  Abbate v. United States, 359 U.S. 187, 195 (1959).  In United States v. Lanza, Chief Justice Taft explained:

> Each government in determining what shall be an offense against its peace and dignity is exercising its own sovereignty, not that of the other.  It follows that an act denounced as a crime by both national and state sovereignties is an offense against the peace and dignity of both and may be punished by each. . . .  The defendants thus committed two different offenses by the same act, and a conviction by a court of Washington of the offense against that state is not a conviction of the different

3

offense against the United States, and so is not double jeopardy.

260 U.S. 377, 382 (1922). We will continue to "appl[y] our precedent without qualm or quibble." Gamble, 139 S. Ct. at 1967. The Commonwealth of Pennsylvania and the United States are entitled to exercise their sovereignty and enforce their criminal statutes. Double Jeopardy was not offended when both Pennsylvania and the United States punished Lawson for the same criminal acts of possessing and delivering a controlled substance.

B.

Lawson also argues that the revocation of supervised release based on conduct for which he has been punished by the state violates Double Jeopardy. Not so. "The Supreme Court has stated that it 'attribute[s] postrevocation penalties to the original conviction.'" United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006) (quoting Johnson v. United States, 529 U.S. 694, 701 (2000)). Indeed, 18 U.S.C. § 3583(a) provides that a term of supervised release is "a part of the sentence" for the underlying conviction. Lawson concedes this, but he raised the argument solely to preserve it for appeal pending a petition for certiorari in Ochoa v. United States. The Supreme Court has now denied certiorari. Ochoa v. United States, No. 17-5503, -- S. Ct. --, 2019 WL 2570658 (June 24, 2019). Accordingly, Johnson and Dees foreclose this argument.

IV.

We conclude there was no error, much less plain error. As a result, we will affirm the District Court's judgment of conviction.

4