**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2155 & 22-2156
_____

UNITED STATES OF AMERICA

v.

BERNARD SCOTT, JR.,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Nos. 1-98-cr-00170-001 & 3-22-cr-00073-001)
U.S. District Judge:  Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 7, 2023
_____

Before: SHWARTZ, BIBAS, and AMBRO, <u>Circuit Judges</u>.

(Filed: March 8, 2023)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SHWARTZ, Circuit Judge.

Bernard Scott, Jr. appeals the District Court's judgment for his violation of the terms of his supervised release. Because we agree with his counsel that Scott's appeal does not present any nonfrivolous issues, we will grant counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

In 1999, Scott pled guilty to bank robbery in the Middle District of Pennsylvania and was sentenced to 170 months' imprisonment and three years' supervised release. While serving his sentence at a facility in Colorado, Scott was involved in an altercation in which another inmate was killed. Scott pled guilty to voluntary manslaughter and the District Court in Colorado sentenced him to 120 months' imprisonment to be served consecutive to his bank robbery sentence as well as three years' supervised release. The terms of his supervised release in both cases prohibited him from committing "another federal, state, or local crime." App. 25, 47.

Scott was released in 2020 and arrested on state drug charges in Pennsylvania thirteen months later. He pled guilty in Pennsylvania state court to the manufacture, delivery, or possession with intent to manufacture or deliver controlled substances and was sentenced to three-and-a-half to seven years' imprisonment.

Thereafter, the District Court in the Middle District of Pennsylvania held a supervised release revocation hearing at which Scott admitted that, by committing a state crime, he violated the terms of his supervised release in both the Pennsylvania and

2

Colorado cases.[1] The Court accepted Scott's plea and explained that Scott committed a Grade A violation, which, when combined with his criminal history category of VI, resulted in a Guidelines range of thirty-three to forty-one months in each case. The statutory maximum in each case, however, was twenty-four months. 18 U.S.C. § 3583(e)(3).

Scott requested that the federal sentence run concurrent with his state sentence and, if the Court declined to impose a concurrent sentence, that he either be permitted to serve his federal sentence in a state facility or serve his state sentence first. The District Court denied Scott's requests, imposed twelve months' imprisonment in the Pennsylvania case and twenty-four months' imprisonment in the Colorado case to run concurrently, ordered that both sentences run consecutive to Scott's state sentence, and declined to impose any additional term of supervised release. The Court explained that its sentence was necessary to punish Scott's violation of "the Court's trust" and to account for his "very serious" violations of supervised release and his extensive criminal history. App. 72-73.

Scott appeals and his appointed counsel has moved to withdraw.[2]

## II[3]

---

[1] Pursuant to 18 U.S.C. § 3605, the District of Colorado transferred jurisdiction over Scott's supervised release in the voluntary manslaughter case to the Middle District of Pennsylvania.

[2] Scott did not file a brief on his own behalf even though he was given the option to do so.

[3] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3605. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under <u>Anders</u> when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit."  3d Cir. L.A.R. 109.2(a).  When counsel submits an <u>Anders</u> brief, we must determine: "(1) whether [he] adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted).  An issue is frivolous if it "lacks any basis in law or fact." <u>McCoy v. Ct. of Appeals of Wis., Dist. 1</u>, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel fulfilled his obligations, we examine the <u>Anders</u> brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, <u>United States v. Marvin</u>, 211 F.3d 778, 780-81 (3d Cir. 2000).  If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised."  <u>United States v. Langley</u>, 52 F.4th 564, 569 (3d Cir. 2022).

B

Here, Scott's counsel has satisfied his <u>Anders</u> obligations.  Counsel correctly recognized that, because Scott admitted he violated the terms of his supervised release,

---

In the <u>Anders</u> context, we exercise plenary review to determine if the record presents any nonfrivolous issues.  <u>Simon v. Gov't of V.I.</u>, 679 F.3d 109, 114 (3d Cir. 2012) (citing <u>Penson v. Ohio</u>, 488 U.S. 75, 80-83 & n.6 (1988)).

his appellate issues were limited to the District Court's jurisdiction, the voluntariness of his admission, and the reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989). The Anders brief explains why any challenge to the Court's jurisdiction, the violation finding, and the sentence lacks support. Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300, and we agree that there are no nonfrivolous issues for appeal.

First, the District Court had jurisdiction to revoke the supervised release imposed in connection with the bank robbery and manslaughter convictions because both are federal crimes against the United States. 18 U.S.C. § 3231. In addition, the Middle District of Pennsylvania had jurisdiction over the supervised release imposed as part of Scott's Colorado sentence because the Colorado case was transferred from the District of Colorado to the Middle District pursuant to 18 U.S.C. § 3605. Thus, any appeal challenging the District Court's jurisdiction to revoke Scott's supervised release would be frivolous.

Second, Scott's admission that he violated the terms of his supervised release was counseled and voluntary.[4] Broce, 488 U.S. at 569. In the context of a revocation hearing, the voluntariness of a defendant's waiver of his rights is based on the "totality of the circumstances" and does not require "rigid or specific colloquies with the district court." United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013) (quotation omitted).

---

[4] Because Scott did not raise any objections at the revocation hearing, we review the District Court's decision for plain error. United States v. Plotts, 359 F.3d 247, 248-49 (3d Cir. 2004).

Rather, it requires only a showing that the defendant is aware of "both the rights afforded him [] and the consequences of relinquishing those rights." Id. The record so reflects. Before Scott admitted the violation, the District Court: (1) described the nature of the charges in both cases; (2) explained why Scott's violation of supervised release in the Colorado case was being adjudicated in Pennsylvania; (3) informed him of the consequences of the violations; (4) told Scott that he was entitled to a hearing; (5) established that Scott's counsel had discussed these considerations with Scott; and (6) confirmed with him that he understood all of this information. After being advised of his rights and the consequences of his plea, Scott admitted his guilt. As a result, any appeal contesting the voluntariness of his admission would be frivolous.[5]

Third, Scott's sentence was procedurally and substantively reasonable.[6] As to procedural reasonableness, the District Court followed United States v. Gunter's three-step procedure, which requires a court to calculate the guideline range, decide on departure motions, and apply the factors in 18 U.S.C. § 3553(a). 462 F.3d 237, 247 (3d Cir. 2006). The District Court accurately calculated a Guidelines range of thirty-three to forty-one months because Scott committed a Grade A violation of supervised release, U.S.S.G. § 7B1.1(a)(1) (defining a Grade A violation as "a . . . state . . . offense

---

[5] There is also a factual basis for the plea. In addition to Scott's admission, his state-court conviction proves he committed a state crime while on supervised release. See United States v. Lloyd, 566 F.3d 341, 344 (3d Cir. 2009).

[6] Because Scott did not object, we review the procedural challenge to his sentence for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion, Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

punishable by a term of imprisonment exceeding one year that . . . is a controlled substance offense"), and his criminal history category was VI. See U.S.S.G. § 7B1.4. The Court also correctly recognized that a statutory maximum of twenty-four months applied. 18 U.S.C. § 3583(e)(3) (identifying a two-year statutory maximum if the offense that resulted in the term of supervised release is a class C or D felony). The twelve and twenty-four month sentences the Court imposed were below the Guideline range and did not exceed the statutory maximum.

There were no departure motions filed and the District Court considered the applicable § 3553(a) factors. See 18 U.S.C. § 3583(e). The Court explained that it denied Scott's request for a concurrent sentence because Scott had "violated the Court's trust," App. 72, and a consecutive federal sentence was necessary to ensure that he was punished for that action. It also described the violations as "very serious," App. 72, and noted Scott's criminal history, The Court's discussion indicates that it meaningfully considered Scott's colorable arguments concerning the serving of his sentence, his background, and the latest violation. United States v. Thornhill, 759 F.3d 299, 311 (3d Cir. 2014) (noting that, "[i]n some cases a brief statement will suffice," provided that a court does not ignore a colorable argument raised by a party regarding the applicability of one of the § 3553(a) factors). As such, any argument that Scott's sentence was procedurally unreasonable would be frivolous.

Any objection to the substantive reasonableness of Scott's sentence would also lack sufficient merit. First, because Scott committed a controlled-substance offense, the District Court was required to revoke his supervised release and impose a prison

sentence.  18 U.S.C. § 3583(g).  Second, we cannot conclude that "no reasonable sentencing court" would have imposed a consecutive sentence.  United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).  The District Court's decisions to run the federal sentence consecutive to Scott's state sentence, and to deny Scott's other requests related to where he would serve his sentence, were amply supported by: (1) 18 U.S.C. § 3584, which gives district courts authority to impose a consecutive term of imprisonment; (2) the Guidelines, which recommend that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving," U.S.S.G. § 7B1.3(f); and (3) our precedent, which indicates that a revocation sentence is meant to "sanction . . . the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation," United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006) (quotations omitted).  Indeed, the Court explicitly stated that its sentence was intended to punish Scott's "very serious" supervised release violations that evidenced a breach of "the Court's trust."  App. 72.  Given the statutory discretion and the Guidelines recommendation, together with the fact that Scott committed his state drug crime only thirteen months after his release from a very lengthy prison sentence, Scott's sentence was substantively reasonable and no nonfrivolous argument to the contrary exists.[7]

---

[7] Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002), does not support Scott's argument.  There, the state court explicitly stated that it intended the state sentence to run concurrent to the federal sentence, id. at 1182 (emphasizing that the opinion "does not mandate how consecutive sentences are served"), whereas here the state court was silent as to the issue and the District Court reasonably required the sentences to run

8

## III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

---

consecutively to reflect Scott's separate violation: the breach of trust the Court placed in him.