NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3261
_____

UNITED STATES OF AMERICA

v.

KOREI MELTON,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cr-00246-008)
U.S. District Judge:  Honorable Christopher C. Conner

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 14, 2023

_____

Before:  SHWARTZ, RESTREPO, and CHUNG, <u>Circuit Judges</u>.

(Filed: July 14, 2023)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SHWARTZ, Circuit Judge.

Korei Melton appeals the District Court's judgment and sentence for his violation of the terms of his supervised release. Because we agree with his counsel that Melton's appeal does not present any nonfrivolous issues, we will grant counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

In 2018, Melton pleaded guilty to conspiracy to distribute and possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846, and the United States District Court for the Middle District of Pennsylvania sentenced him to sixty months' imprisonment and four years' supervised release.

In January 2020, Melton commenced his term of supervised release, and was supervised by the Probation Office in the Eastern District of Pennsylvania. In October 2021, police found Melton slumped over in the driver's seat of a vehicle. Melton attempted to flee the scene and hit the police car blocking his path. After the crash, police found crack cocaine, drug paraphernalia, and cash in the car. Melton was charged with violations of state law, including driving under the influence and possession of drug paraphernalia. He pleaded guilty to those charges and was sentenced to three to twenty-three months' imprisonment. The Probation Office petitioned the District Court to revoke Melton's supervised release because he violated the conditions that he commit no other crimes or possess controlled substances.

At his first appearance, the District Court explained to Melton the alleged violations of his supervised release and informed him of his rights, including that he had

2

the right to counsel, to remain silent, and to a preliminary hearing on the violation petition, where Melton would have the opportunity to appear, present evidence, and cross-examine witnesses. Melton waived his right to a preliminary hearing.

At his final revocation hearing, the District Court confirmed that Melton understood the proceedings and was not under the influence of alcohol or drugs. The Court then (1) summarized the charges; (2) discussed the revocation hearing, including the Government's burden of proof, his right to counsel, appear, present evidence, and question adverse witnesses; (3) explained that Melton could waive his right to a revocation hearing; (4) informed him that, if he was found to have violated a condition of his supervised release, he would be subject to punishment, including imprisonment and an additional period of supervised release; (5) reviewed the United States Sentencing Guidelines ranges for the Grade A, B, and C violations Melton faced; and (6) provided Melton time to confer with his attorney. Melton then waived his right to a revocation hearing and admitted to the Grade B and Grade C violations, namely the driving under the influence and possession of drug paraphernalia charges.

Melton's counsel argued for a downward variance from the Guidelines range of eight to fourteen months to three months, the sentence imposed by the state court, and the Government argued for a sentence within the Guidelines range, noting that Melton had not explained the reason for his violations. The District Court also heard from Melton's counsel and Melton himself about his employment, his desire to start his own business, and his efforts to get his GED, and considered a character letter from Melton's girlfriend. Melton's counsel also noted that this was Melton's only violation. Finally, the Court

considered the relevant 18 U.S.C. § 3553 factors and determined that a sentence within the Guidelines was "reasonable and appropriate, but not greater than necessary" to achieve these sentencing objectives. App. 45. The District Court then sentenced Melton to twelve months' imprisonment, to be served consecutive to his state sentence.

Melton appeals, and his appointed counsel has moved to withdraw.[1]

II[2]

A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a) (2011). When counsel submits an Anders brief, we must determine: "(1) whether [he] adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001) (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

---

[1] Melton did not file a brief on his own behalf even though he was given the opportunity to do so.

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In the Anders context, we exercise plenary review to determine if the record presents any nonfrivolous issues. Simon v. Gov't of V.I., 679 F.3d 109, 114 (3d Cir. 2012) (citing Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988)).

To determine whether counsel fulfilled his obligations, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, Marvin, 211 F.3d at 780-81. If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Melton's counsel has satisfied his Anders obligations. Counsel correctly recognized that, because Melton admitted that he violated the terms of his supervised release, his appellate issues are limited to the District Court's jurisdiction, the voluntariness of his admission, and the reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989). The Anders brief explains why any challenge to the Court's jurisdiction, the violation finding, and the sentence lacks support. Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300, and we agree that there are no nonfrivolous issues for appeal.

First, the District Court had jurisdiction to revoke the supervised release imposed in connection with Melton's drug conspiracy conviction. Even though the Eastern District of Pennsylvania supervised Melton, the Middle District of Pennsylvania retained jurisdiction because that was the district in which he was convicted of a crime against the United States. 18 U.S.C. §§ 3231, 3583(e)(3); see United States v. Johnson, 861 F.3d 474, 479 n.18 (3d Cir. 2017) (noting that "courtesy supervision," or "an informal

5

arrangement between Probation Offices that . . . uses the supervising office as the 'eyes and ears' of another," does not transfer jurisdiction).  Thus, any challenge to the District Court's jurisdiction to revoke Melton's supervised release would be frivolous.

Second, Melton's admission that he violated the terms of his supervised release was counseled and voluntary.[3]  Broce, 488 U.S. at 569.  In the context of a revocation hearing, the voluntariness of a defendant's waiver of his rights is based on the "totality of the circumstances" and does not require "rigid or specific colloquies with the district court."  United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013) (quotation marks omitted).  Rather, it requires only a showing that the defendant is aware of "both the rights afforded him [] and the consequences of relinquishing those rights."  Id.  The record so reflects.  Before Melton admitted the violation, the District Court: (1) described the nature of the charges; (2) informed him of the consequences of the violations; (3) told Melton that he was entitled to counsel and a hearing and explained what the hearing would entail; (4) established that Melton's counsel had discussed these subjects with Melton; and (5) confirmed with Melton that he understood all of this information.  After being advised of his rights and the consequences of his plea, Melton admitted his guilt.  As a result, any appeal contesting the voluntariness of Melton's plea would be frivolous.[4]

---

[3] Because Melton did not raise any objections at the revocation hearing, we review the District Court's decision for plain error.  United States v. Plotts, 359 F.3d 247, 248-49 (3d Cir. 2004).

[4] There is also a factual basis for the plea.  In addition to Melton's admission, his state court conviction proves he committed a state crime while on supervised release.  See United States v. Lloyd, 566 F.3d 341, 344 (3d Cir. 2009).

6

Third, Melton's sentence was procedurally and substantively reasonable.[5] As to procedural reasonableness, the District Court followed United States v. Gunter's three-step procedure, which requires a court to calculate the Guidelines range, decide on departure motions, and apply the factors in 18 U.S.C. § 3553(a).[6] 462 F.3d 237, 247 (3d Cir. 2006). The District Court accurately calculated a Guidelines range of eight to fourteen months because Melton committed a Grade B violation of supervised release, U.S.S.G. § 7B1.1(a)(2) (defining a Grade B violation as "any . . . state . . . offense punishable by a term of imprisonment exceeding one year" that is not a Grade A violation), and he had a criminal history category of III. See U.S.S.G. § 7B1.4; see also U.S.S.G. § 7B1.3(a)(1) (requiring the revocation of supervised release for a Grade B violation). The twelve-month sentence the Court imposed was therefore within the Guidelines range.

---

[5] Because Melton did not object, we review the procedural reasonableness of his sentence for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the sentence's substantive reasonableness for abuse of discretion. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

[6] In the revocation context, the District Court is not required to consider all the § 3553(a) factors. See 18 U.S.C. § 3583(e) (noting that a district court may revoke a term of supervised release after considering § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant), § 3553(a)(2)(B) (the need for adequate deterrence), § 3553(a)(2)(C) (the need to protect the public from further crimes of the defendant), § 3553(a)(2)(D) (the need to provide the defendant with educational or vocational training, medical care, or correctional treatment), § 3553(a)(4) (the kinds of sentence and the sentencing range established in the Sentencing Guidelines), § 3553(a)(5) (any pertinent policy statement issued by the Sentencing Commission), § 3553(a)(6) (the need to avoid unwarranted sentencing disparities among defendants with similar records), and § 3553(a)(7) (the need to provide restitution to any victims of the offense)).

There were no departure motions filed and the District Court considered the applicable § 3553(a) factors. See 18 U.S.C. § 3583(e). The Court heard arguments from Melton and his counsel regarding Melton's attempts to obtain his GED and his employment status and considered his girlfriend's letter. The Court explicitly considered the circumstances of the violations and the need to impose appropriate punishment, deter others, and protect the public. Moreover, the Court declined to take Melton's unadmitted conduct into consideration. It thus gave "rational and meaningful consideration" to the § 3553(a) factors. United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)). As such, any argument that Melton's sentence was procedurally unreasonable would be frivolous.

Melton's sentence was also substantively reasonable and any argument to the contrary lacks merit. We cannot conclude that "no reasonable sentencing court" would have imposed the sentence the District Court imposed here. Tomko, 562 F.3d at 568. First, the Court's twelve-month sentence fell within the recommended Guidelines range of eight to fourteen months and thus it is presumptively reasonable. See Rita v. United States, 551 U.S. 338, 347 (2007). Second, the sentence and the decision to run it consecutive to Melton's state sentence were amply supported by: (a) 18 U.S.C. § 3584, which gives district courts authority to impose a consecutive term of imprisonment; (b) the Guidelines, which recommend both the revocation of supervised release for Grade B violations, U.S.S.G. § 7B1.3(a)(1), and that the resulting term of imprisonment be served consecutive to any sentence of imprisonment the defendant is serving, U.S.S.G. § 7B1.3(f); and (c) our precedent, which indicates that a revocation sentence is meant to

8

"sanction the defendant's breach of trust 'while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator,'" United States v. Bungar, 478 F.3d 540, 544 (3d Cir. 2007) (quoting United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006)). Indeed, the Court noted that its sentence was intended to address Melton's violations of his supervised release, which it stated consisted of actions that were "precisely what you're not supposed to do during the term of supervised release." App. 45. Therefore, Melton's sentence was substantively reasonable and no nonfrivolous argument to the contrary exists.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.