**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3167
_____

UNITED STATES OF AMERICA

v.

COTHA S. GRANT,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-08-cr-00096-001)
U.S. District Judge:  Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 3, 2023

_____

Before: SHWARTZ, MATEY, and SCIRICA <u>Circuit Judges</u>.

(Filed:  October 5, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Cotha Grant appeals the District Court's judgment for his violation of the terms of his supervised release. Because there are no nonfrivolous issues warranting review, we will grant his counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirm.

I

In 2008, Grant pled guilty to possession with intent to distribute cocaine base in the United States District Court for the Middle District of Pennsylvania and was sentenced to 140 months' imprisonment and three years' supervised release. Grant was released from custody in May 2018 and commenced his term of supervised release. In July 2020, Grant was charged in Pennsylvania state court with violations of state drug and firearms laws. At that point, he had also failed three drug tests. Due to this conduct, the Probation Office filed a petition to revoke Grant's supervised release.

By the time of Grant's revocation hearing, he had been convicted of the July 2020 state drug felony. At the revocation hearing, Grant admitted that he had committed a Grade A violation of his terms of supervised release. This violation, when combined with his Criminal History Category of VI, resulted in a United States Sentencing Guidelines ("Guidelines") range of thirty-three to forty-one months' imprisonment. However, because Grant's original offense was a Class C Felony, the applicable Guidelines range became the statutory maximum of twenty-four months. See U.S.S.G. § 7B1.4(b)(1); 18 U.S.C. § 3583(e)(3).

Grant requested that the sentence run concurrently with his state sentence and testified that he completed a drug treatment program in September 2021 and opened a fast-food restaurant. His counsel also mentioned Grant's mental health and speech difficulties. The Government requested a consecutive twenty-four-month sentence, noting that after Grant pled guilty to the state offense, he failed to appear on his voluntary surrender date and was apprehended only after he led the police on a high-speed chase. The District Court, after considering these facts, imposed a sentence of twenty-four months' imprisonment to run consecutively to the state sentence, concluding that this was "appropriate in order to provide adequate community protection and deterrence." App. 23.

Grant appeals, and his appointed counsel has moved to withdraw under Anders.[1]

II[2]

A

Our local rules allow defense counsel to file a motion to withdraw and an accompanying brief under Anders when counsel has reviewed the record and concludes that "the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether [he] adequately fulfilled the rule's requirements; and (2) whether an independent review of the record

---

[1] Grant did not file a brief on his own behalf despite having the option to do so.

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3605. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In the Anders context, we exercise plenary review to determine if the record presents any nonfrivolous issues. Simon v. Gov't of V.I., 679 F.3d 109, 114 (3d Cir. 2012) (citing Penson v. Ohio, 488 U.S. 75, 80-83 & n.6 (1988)).

presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). An issue is frivolous if it "lacks any basis in law or fact." McCoy v. Ct. of Appeals of Wis., Dist. 1, 486 U.S. 429, 438 n.10 (1988).

To determine whether counsel fulfilled his obligations, we examine the Anders brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal, even if "wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why those issues are frivolous, United States v. Marvin, 211 F.3d 778, 780-81 (3d Cir. 2000). If counsel satisfies these requirements, "then we may limit our review of the record to the issues counsel raised." United States v. Langley, 52 F.4th 564, 569 (3d Cir. 2022).

B

Grant's counsel has satisfied his Anders obligations. Counsel correctly recognized that, because Grant admitted he violated the terms of his supervised release, his appellate issues are limited to the District Court's jurisdiction, the voluntariness of his admission, and the reasonableness of his sentence. See United States v. Broce, 488 U.S. 563, 569 (1989). The Anders brief explains why any challenge to the Court's jurisdiction, the violation finding, and the sentence lacks support. Therefore, counsel's brief is sufficient, Youla, 241 F.3d at 300, and we agree that there are no nonfrivolous issues for appeal.

First, the District Court had jurisdiction over the underlying federal drug offense under 18 U.S.C. § 3231 and was authorized to revoke the term of supervised release for that offense under 18 U.S.C. § 3583(e). Thus, any appeal challenging the District Court's jurisdiction to revoke Grant's supervised release would be frivolous.

4

Second, Grant's admission that he violated the terms of his supervised release was counseled and voluntary.[3] Broce, 488 U.S. at 569. Grant was provided with notice of the alleged supervised release violations and the opportunity for a revocation hearing and thus due process was satisfied. A defendant can waive such a hearing and the associated rights if the "totality of the circumstances" show that his waiver was voluntary. United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013) (citation and internal quotations marks omitted). "[R]igid or specific colloquies with the district court" are not required. Id. (citation and internal quotations marks omitted). Rather, the circumstances need only show that the defendant is aware of "both the rights afforded him [] and the consequences of relinquishing those rights." Id. (citation and internal quotations omitted). The record so reflects. At the revocation hearing, Grant was advised or reflected an understanding of: (1) the nature of the violation, (2) the Guidelines range and statutory maximum term of imprisonment for his violation, and (3) his right to have a hearing at which he could testify, call witnesses, and submit evidence. Thus, Grant was informed of his rights and the consequences of relinquishing those rights when he admitted his guilt. As a result, any appeal contesting the voluntariness of his admission would be frivolous.[4]

---

[3] Because Grant did not raise any objections at the revocation hearing, we review the District Court's decision for plain error. United States v. Plotts, 359 F.3d 247, 248-49 (3d Cir. 2004).

[4] There is also a factual basis for the plea. In addition to Grant's admission, his state court conviction proves he committed a state crime while on supervised release. See United States v. Lloyd, 566 F.3d 341, 344 (3d Cir. 2009).

Third, Grant's sentence was procedurally and substantively reasonable.[5] As to procedural reasonableness, the District Court followed United States v. Gunter's three-step procedure, which requires a court to calculate the Guidelines range, decide on departure motions, and apply the factors in 18 U.S.C. § 3553(a).[6] 462 F.3d 237, 247 (3d Cir. 2006). The District Court accurately calculated a Guidelines range of thirty-three to forty-one months because Grant committed a Grade A violation of supervised release, U.S.S.G. § 7B1.1(a)(1), and his criminal history category was VI, U.S.S.G. § 7B1.4. Because the Guidelines range exceeded the statutory maximum of twenty-four months, the statutory maximum became the governing range. 18 U.S.C. § 3583(e)(3) (identifying a two-year statutory maximum if the offense that resulted in the term of supervised release is a class C felony); U.S.S.G. § 7B1.4(b)(3)(A) (stating where the statutory

---

[5] Because Grant did not object at sentencing, we review the procedural challenge to his sentence for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). We review the substantive reasonableness of a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Azcona-Polanco, 865 F.3d 148, 151 (3d Cir. 2017).

[6] In the revocation context, the District Court is not required to consider all the § 3553(a) factors. See 18 U.S.C. § 3583(e) (noting that a district court may revoke a term of supervised release after considering § 3553(a)(1) (the nature and circumstances of the offense and the history and characteristics of the defendant), § 3553(a)(2)(B) (the need for adequate deterrence), § 3553(a)(2)(C) (the need to protect the public from further crimes of the defendant), § 3553(a)(2)(D) (the need to provide the defendant with educational or vocational training, medical care, or correctional treatment), § 3553(a)(4) (the kinds of sentence and the sentencing range established in the Sentencing Guidelines), § 3553(a)(5) (any pertinent policy statement issued by the Sentencing Commission), § 3553(a)(6) (the need to avoid unwarranted sentencing disparities among defendants with similar records), and § 3553(a)(7) (the need to provide restitution to any victims of the offense)).

maximum term is less than the minimum of the applicable Guidelines range, the statutory maximum shall be substituted for the applicable range).

There were no departure motions, and the District Court considered the applicable § 3553(a) factors. See 18 U.S.C. § 3583(e). The Court heard arguments from Grant and his counsel regarding his drug treatment, mental health difficulties, remorse, and recent activities, including opening a restaurant. The Court then explained that although Grant had undergone "successful [drug] treatment," he also subsequently had "a number of run-ins with the law," and therefore a consecutive sentence of twenty-four months was "appropriate in order to provide adequate community protection and deterrence." App. 23. The Court's discussion indicates that it meaningfully considered Grant's colorable arguments concerning his background and latest violation. See United States v. Thornhill, 759 F.3d 299, 311 (3d Cir. 2014) (noting that, "[i]n some cases a brief statement will suffice," provided that a court does not ignore a colorable argument raised by a party regarding the applicability of one of the § 3553(a) factors). As such, any argument that Grant's sentence was procedurally unreasonable would be frivolous.

Any objection to the substantive reasonableness of Grant's sentence would also lack merit. A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Because the sentence here falls within the Guidelines range, we can presume its reasonableness. See Rita v. United States, 551 U.S. 338, 347 (2007). Furthermore, the District Court had discretion to run the term of imprisonment consecutively, 18 U.S.C.

7

§ 3584; <u>see also</u> U.S.S.G. § 7B1.3(f) (recommending that the terms of imprisonment imposed upon revocation of supervised release be served consecutively), and did so based on Grant's multiple "run-ins with the law" while on supervised release, including "fleeing and eluding, lying to police, [and] failure to appear." App. 23. Moreover, a revocation sentence is meant to "sanction . . . the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation." <u>United States v. Dees</u>, 467 F.3d 847, 853 (3d Cir. 2006) (citation and internal quotation marks omitted). The consecutive sentence reflects punishment for Grant's breach of trust, which is distinct from the punishment for his violation of state law. Given the statutory discretion, the Guidelines recommendation, and the fact that Grant committed his state crime just twenty-six months after his release from a lengthy prison sentence, Grant's sentence was substantively reasonable and no nonfrivolous argument to the contrary exists.

III

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm.

8